1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NIHAR DESAI, Trustee of the
Hemangini Revocable Trust dated
1/21/05 and dba the ALAMEDA
HOTEL,
                    Plaintiff,

        v.

THE CITY OF LOS ANGELES, a
municipal corporation; LOS ANGELES
HOUSING DEPARTMENT; AND
DOES 1 THROUGH 10, INCLUSIVE,


                    Defendants.

Case No.: CV 10-8495 DSF (AJWx)


**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

# FINDINGS OF FACT[1]

**City Application of the Residential Hotel Ordinance to Alameda Hotel**

1.    The building located at 1050 Alameda Street, Wilmington, CA 90744-3842, Assessor Parcel Number 7425-041-001 is called the "Alameda Hotel."

2.    The Alameda Hotel is owned by the 2005 Hemangini Revocable Trust. Plaintiff Nihar Desai is the Trustee.

3.    The Alameda Hotel is located in an M-3 heavy industrial zone.

4.    A certificate of occupancy ("COO") of November 19, 1976 for the Alameda Hotel states it has a legal use as a 1-Story, TYPE V, 75' X 125' LIGHT HOUSEKEEPING (18 ROOMS) CONVERTED FROM 18 GUEST ROOMS H-2 OCCUPANCY. NO PARKING INDICATED ON C/O (emphasis in original).

5.    There is no evidence that Plaintiff ever filed with the City a Notice of Intent To Withdraw Rental Units From Housing Market.

6.    There is no evidence that Plaintiff ever filed or obtained a permit to demolish the Alameda Hotel.

7.    There is no evidence that Plaintiff ever filed a report under the California Environmental Quality Act relating to a proposed change in the use of the Alameda Hotel.

8.    There is no evidence that the City ever took any action to compel Plaintiff to rent or lease any of the rental units at the Alameda Hotel.

9.    The Alameda Hotel is located within the City of Los Angeles, which has a population of over 1,000,000 people.

**LAHD's Residential Hotel Status Determination**

---

[1] The City submitted voluminous proposed findings of fact and law.  Many of these findings were unnecessary for the resolution of the case.  In this context, omission of a proposed finding should not necessarily be interpreted as disagreement with the finding.

10.     On September 5, 2008, the Los Angeles Housing Department ("LAHD") notified Plaintiff that the Alameda Hotel was designated as a residential hotel ("RH") under LAMC Chapter IV, Article 7.1. AR 2-3 ("RH Status Determination").

11.     The RH Status Determination letter advised Plaintiff that "You have sixty (60) days from the date of this notification to file an appeal. Failure to file an appeal shall result in your waiver of all rights and abilities to challenge LAHD's determination." AR 2.

12.     Plaintiff did not appeal the RH Status Determination within 60 days.  See Complaint ¶ 13.

**LAHD's Residential Hotel Unit Determination**

13.     On November 30, 2009, LAHD notified Plaintiff that it had determined, based on available information, that the Alameda Hotel had 18 residential units and was provided a copy of the RHO and an appeal form. AR 47-48 ("RH Unit Determination").

14.     Plaintiff never filed a Claim of Exemption from the RHO with LAHD.

**Plaintiff's Appeal of Residential Hotel Unit Determination**

15.     On January 19, 2010, LAHD received Plaintiff's appeal of the RH Unit Determination. AR 50-54. The appeal contested the number of residential/transient units and stated that units "1, 2, 3, 4, 5, 6, 7, 8, PLUS THREE MANAGER UNITS NUMBERED 109, 110, 111" were incorrectly designated. AR 52.

16.     Plaintiff submitted a one-page "Attachment" to his RH Unit Determination Appeal entitled "SECTION C – Rental Unit Information (Continuation)" and provided a summary of purported rent rolls from April 1, 2005 to September 30, 2008.  AR 53.

3

17.   Plaintiff's Attachment stated: "1) As of October 11, 2005, total of units was 18. Numbered 1-8, 109-112, and 114-119; 2) As of October 11, 2005, total number of Residential Units was 7. Units 112, 114-119; 3) as of October 11, 2005, total number of units claimed Non-residential is 11.  Units 1-8 (Transient) and 109-111 (Owner-Occupied)."  AR 53.

18.   Plaintiff's Attachment further stated "Alameda Motel contains 18 units of which 15 are rentable (3 are owner-occupied). Of these 15 rental units, 7 are Residential Units and 8 are Transient based on Subsection T of section 47.73 of Article 7.1 of Chapter IV of the Los Angeles Municipal Code  . . . etc." AR 53.

19.   On February 19, 2010, LAHD sent Plaintiff a letter acknowledging the appeal of the RH Unit Determination and stating it would be processed for determination. AR 56.

20.   The City of Los Angeles imposes certain "RENT" and "SCEP" fees that only apply to residential housing units.

21.   LAHD sent Plaintiff all documents it relied on in making the RH Unit Determination.  AR 56-58.

22.   On June 3, 2010, LAHD informed Plaintiff that it had rejected Plaintiff's appeal and continued to find that the Alameda Hotel contained 18 residential units. AR 161-62.

**Plaintiff's Request For General Manager Hearing-Second Level Appeal Re Unit Determination**

23.   On June 18, 2010, LAHD received Plaintiff's Request for a General Manager ("GM") Hearing (second level appeal) and a letter from his attorney declaring an intent to appeal LAHD's denial of his first level appeal of the RH Unit Determination. AR 197-201.

24.   The "Basis of Appeal" to a GM Hearing Officer was "The ordinance is in violation on its face and as applied to the owners and appellant, of the First Amendment, Fourth Amendment, Fifth Amendment and Fourteenth Amendment of the U.S. Constitution and parallel provisions of the California Constitution and preempted under state law. The owner provided substantial evidence of the transient hotel status." AR 197.

**General Manager's Hearing on Appeal of RH Unit Determination**

25.   On July 19, 2010, the General Manager's Hearing was held with GM Hearing Officer Mortezaie, Plaintiff's attorney Frank Weiser, Plaintiff Nihar Desai, LAHD RH Management Analyst Rosa Benavides, and LAHD Housing Investigator Shamika Harris in attendance.  AR 909.

26.   The evidence submitted during the GM hearing was (1) 22 pages of documents composed of LAHD billing records, all Certificates of Occupancy for the subject property for the years 1946, 1947 and 1976, evidence analysis charts, and the hearing report; (2) 36 pages comprised of the General Manager appeal form, registration cards, registration logs and correspondence from Edgecumbe Law firm, counsel for Plaintiff; (3) 50 pages of registration logs and registration cards from 2005 and 2006; and (4) 5 pages of Transient Occupancy Tax Reports for October to December 2005. AR 910.

27.    During the GM Hearing, each side was given the opportunity to present evidence, examine witnesses, and present oral argument. AR 905-906.

28.   On August 11, 2010, GM Hearing Officer Mortezaie issued his written administrative decision entitled "GENERAL MANAGER'S HEARING DECISION RESIDENTIAL HOTEL UNIT STATUS DETERMINATION." AR 904-908.

29. The GM Hearing Officer determined based upon the preponderance of evidence submitted in the matter, that the property contains 8 residential units in accordance with the provisions of LAMC Chapter IV, Article 7.1. AR 907 ¶ 3, subparagraph 7.

30. The GM Hearing Officer's Decision which included notice of Plaintiff's appeal rights. AR 908.

31. As a result of the GM Hearing, Plaintiff partially prevailed because the number of Residential Units was reduced from 18 to 8; the number of transient rooms was designated as 8; and the number of vacant (and therefore undesignated) rooms was determined to be 2.

## CONCLUSIONS OF LAW

**A.    Writ of Mandate**

Plaintiff challenges both the determination that his property is an RH and the determination of the number of residential units.   The Court finds that because Plaintiff did not file the petition for a writ of mandate within 90 days of the RH Status Determination becoming final, this challenge is untimely.  Cal. Civ. Proc. Code § 1094.6(b).  The determination became final, at the latest, sometime in late 2008 and this case was not filed until 2010.  The writ as related to the RH Unit Determination appears to be timely filed.

> The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

Cal. Civ. Proc. Code § 1094.5(b).

The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

There is no argument that LAHD exceeded its jurisdiction. On review of the record and on hearing testimony from the hearing officer, the Court finds that Plaintiff received a fair hearing before the General Manager's Hearing Officer. In fact, the hearing officer largely ruled in Plaintiff's favor, reducing the unit determination from 18 to 8, which was only one unit more than Plaintiff had requested. The hearing officer did not abuse his discretion in making this determination. Plaintiff has not established that the RH Unit Determination impacted any of his "fundamental rights," and, therefore, the hearing officer's determination is reviewed to determine if substantial evidence supports his findings.[2] It does. And even if a fundamental right was impacted, the Court finds that the weight of the evidence presented supports the hearing officer's findings.[3] The hearing officer reviewed several types of records including registration logs, registration cards, payment of fees to the City, and payment of taxes to the City. The Court agrees with the hearing officer that the weight of the evidence favors residential status for at least seven of the rooms. Plaintiff appears to believe that

---

[2] "If the order or decision of the agency substantially affects a fundamental vested right, the trial court, in determining under section 1094.5 whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence." Strumsky v. San Diego Cnty. Emps. Ret. Ass'n, 11 Cal. 3d 28, 32 (1974).

[3] See id. ("If, on the other hand, the order or decision does not substantially affect a fundamental vested right, the trial court's inquiry will be limited to a determination of whether or not the findings are supported by substantial evidence in the light of the whole record.").

the obviously incomplete set of registration cards should have been given virtually dispositive force by the hearing officer, but there is no reason that should be the case.  The hearing officer considered the cards along with other evidence that shed light on the nature of the use of the units in the hotel.  The hearing officer's review was imminently logical and fair-minded and, as noted above, resulted in a mostly favorable ruling for Plaintiff.  Plaintiff also faults the hearing officer for failing to consider the zoning of the property, but fails to convince the Court that zoning status would have been relevant to the RH Unit Determination.

**B.    Due Process Issues[4]**

The City raises a significant statute of limitations argument in response to Plaintiff's due process challenge to the RH Unit Determination.  However, the Court need not decide whether that claim is barred by the statute of limitations because it fails on the merits.

1.    <u>Procedural Due Process</u>

a.    <u>Status Determination</u>

Plaintiff raises two major procedural due process arguments related to the RH Status Determination.  First, he claims that the ordinance violates procedural due process by having the City make a preliminary determination which then can be challenged by the hotel owner.  Second, he argues that it violates procedural due process to place the burden on the hotel owner to show that the hotel is not an RH, rather than on the City to show that it is an RH.

Plaintiff has not established that these issues rise to the level of a procedural due process violation.  The Court sees no due process problem in having the City make internal determinations that can then be challenged by the hotel owners.

---

[4] Even though Plaintiff briefs his due process claims in some detail, he suggests that only the petition for a writ of mandamus is before the Court.  The City encourages the Court to proceed to those issues as they have been fully briefed and argued.  The Court agrees that there is no reason to delay ruling on the due process issues that have been briefed and argued by both sides.

This obviously saves everyone the trouble of going through hearings where there is no dispute that the hotel qualifies for RH status. While it is true that due process usually requires predeprivation process, there is no elimination of the hotel owner's right to be heard prior to being permanently deprived of any right.[5] The ordinance allows hotel owners to acquiesce to the City's determination without a hearing if they so choose or to challenge that determination. And while the burden is on the hotel owner to disprove RH status, the burden of proof is preponderance of the evidence, and the owner is not limited in any meaningful way from stating his or her case before the City. The ultimate point of the hearing is the same as if it happened prior to any determination – the City believes that the hotel is a residential hotel and the hotel owner is allowed to present evidence in response. That is not to say that default rules and burdens of proof make no difference at all, but Plaintiff has provided no support for his assertion that laying the burden of proof on the owner after a preliminary determination by the City is so unfair as to violate procedural due process.

b.     <u>Unit Determination</u>

Plaintiff raises the same procedural due process arguments with regard to the unit determination as for the status determination, and they are rejected for the same reasons. And, as noted above, it is clear that Plaintiff received process in the unit determination process -- the hearing officer actually reduced the number of residential units from 18 to 8 in response to Plaintiff's arguments and evidence.

Plaintiff raises an additional argument that the use of the undefined term "primary residence" in the ordinance is unconstitutionally vague. Plaintiff cites to no specific authority that would suggest that the phrase is vague and the Court finds it to be within constitutional limits. "Primary" and "residence" are both basic

---

[5] A hotel owner may be deprived of his right to remove RH units from the market during the pendency of the appeal, but this is no different from a preliminary injunction in a normal civil process.

English words with reasonably well-understood meanings.  Certainly there is some ambiguity in their meanings, as there is with all words, but nothing that is not seen in the typical statute or regulation.   Internal Revenue Service regulations use a very similar term "principal residence," and the Court could find no suggestion that it has ever been considered constitutionally suspect.  In the IRS case, "principal residence" is not specifically defined, but is instead determined based on a non-exhaustive list of factors.  See 26 C.F.R. § 1.121-1(b).  The application of the RHO here is similar -- with City officials looking to a variety of evidence to determine whether the hotel rooms at issue were used as the primary residence of their occupants.

> 2.     Retroactive Application of the Ordinance

Plaintiff also challenges what he considers to be the retroactive application of the ordinance.  The ordinance, passed in 2008, is structured so that the classification of a particular hotel as a residential hotel or a particular unit as a residential unit is based on the use of the units on October 11, 2005.  LAMC § 47.73(T).

> Provided that the retroactive application of a statute is supported by a legitimate legislative purpose furthered by rational means, judgments about the wisdom of such legislation remain within the exclusive province of the legislative and executive branches....
>
> [The due process burden associated with retroactive legislation] is met simply by showing that the retroactive application of the legislation is itself justified by a rational legislative purpose.

Pension Ben. Guar. Corp. v. R.A. Gray & Co., 467 U.S. 717, 729-30 (1984).

The ordinance does not retroactively forbid conversion of residential hotels.  Instead, the ordinance uses a specific date in the past as the benchmark for determining whether the hotel at issue is a residential hotel.  Plaintiff complains that this prevents him, and others similarly situated, from altering their behavior in

response to the ordinance.  While the Court has no direct evidence as to the intent of the City Council in choosing the October 11, 2005 date, it is logical that it was chosen precisely to prevent hotel owners from manipulating residential hotel determinations.  The City is interested in the usual use of the hotel, not the use at the time where the owner knows he is being evaluated for the purposes of the RHO.  It would be easy for a hotel owner to manipulate the RH Status and RH Unit Determinations if he knew the date on which such an evaluation would take place.  Setting the date of the determination in the past eliminates this possibility.

       3.    <u>Other Substantive Due Process Issues</u>

Plaintiff raises two other substantive due process claims.  Plaintiff seems to argue that he was required to be compensated for a forced discontinuance of existing uses of the property.  But the ordinance and the RH Status and RH Unit Determinations require continuance of the existing use of the property, not discontinuance.  Plaintiff's hotel is located in a heavy industrial zone; his argument would make more sense if the City were forcing him to close the hotel, instead of essentially forcing him to keep it open.

Plaintiff also argues that the RHO deprives him of rights that he possesses under the Ellis Act, Cal. Govt. Code § 7060, et seq.  But the Ellis Act does not apply to Plaintiff's hotel because it is located in a city of more than 1,000,000 people, has a permit of occupancy issued prior to January 1, 1990, and Plaintiff presumably did not send a notice of intent to withdraw the hotel from rent or lease prior to January 1, 2004.[6]  <u>See</u> Cal. Govt. Code § 7060(a).

The petition for a writ of mandate is DENIED.  The Court finds in favor of Defendants and against Plaintiff as discussed above.

IT IS SO ORDERED.

---

[6] "Presumably" because there is no direct evidence on this point in the record.  However, it is undisputed that the hotel was operating well after January 1, 2004, and Plaintiff has presented no evidence that would suggest that he was in the process of withdrawing the hotel from rent or lease.

1

2   Date:  4/29/13

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

Dale S. Fischer
United States District Judge